SIMON v. NEW YORK LIFE INSURANCE COMPANY.

1. EVIDENCE—FOREIGN COURT RESOLUTION—RECORD.

Where resolution of a Polish court that plaintiff was born on date stated therein was offered as an evidentiary fact as to his age in suit to reform insurance policies, the transcript of the court record upon which the resolution was based was admissible.

2. REFORMATION OF INSTRUMENTS—INSURANCE POLICIES—DATE OF BIRTH—EVIDENCE.

In suit to reform two insurance policies in which the date of plaintiff's birth is claimed to have been misstated even though it was as it had been given to insurer's representative by plaintiff, evidence presented by plaintiff which was neither plausible, consistent nor convincing, held, insufficient to justify decree of reformation.

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—REFORMATION OF INSTRUMENTS—INSURANCE POLICIES—EVIDENCE—TOTAL DISABILITY.

Where determination is made that plaintiff's evidence in support of his claim that the date of his birth was misstated in insurance policies, issued.by defendant and under which plaintiff sought benefits for total disability, was neither plausible, consistent, nor convincing, hence insufficient, and defendant was not liable for benefits without reformation, questions as to admissibility of some of plaintiff's proofs and whether or not he was totally disabled are not determined.

Appeal from Wayne; Richter (Theodore J.), J. Submitted October 13, 1949. (Docket No. 17, Calendar No. 44,502.) Decided January 9, 1950.

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur, Evidence, § 1018.
[2] 29 Am Jur, Insurance, § 257.
[3] 3 Am Jur, Appeal and Error, § 823.

Bill by Benjamin Simon against New York Life Insurance Company to reform two insurance policies and to require payment of benefits. Decree for plaintiff. Defendant appeals. Reversed and decree entered dismissing bill of complaint.

*Vandeveer & Haggerty* and *Nathan D. Rosin,* for plaintiff.

*Armstrong, Essery, Helm & Marshall,* for defendant.

DETHMERS, J.   On June 22, 1926, defendant issued 2 life insurance policies to plaintiff containing provisions for disability benefits under which defendant agreed to pay plaintiff stipulated monthly sums if he should become totally and permanently disabled before the anniversary of the policies on which plaintiff's age at nearest birthday would be 60.   Plaintiff claims to have become thus disabled on August 15, 1945; that he became 59 years of age on the following October 12th, and that, in consequence, he is entitled to payment of benefits.   Defendant claims that plaintiff became 60 years of age on October 12, 1945, and, that being his birthday nearest the anniversary of the policy on June 22, 1945, therefore his disability occurred after the anniversary of the policy on which his age at nearest birthday was 60 and for that reason he is not entitled to payment of benefits under the policy.   The issue turns on whether plaintiff was born on October 12, 1885, as defendant contends, or 1886, as plaintiff contends.   Plaintiff's applications for the insurance, signed by him on June 17, 1926, and attached to and made part of the policies, contain the statements "born at Russia on 12 day of Oct. 1885; age nearest birthday 41."   Defendant having refused to pay the benefits, plaintiff began this suit and filed a bill of complaint praying

that the policies be reformed to specify October 12, 1886, as the date of his birth and that defendant be required to pay him disability benefits under the policy and to refund the excess in premiums paid by plaintiff by reason of the alleged mistake concerning his age. From decree for plaintiff, defendant appeals.

Plaintiff admitted on the witness stand that the statements in his applications for insurance concerning his age were in accord with the information he had given the defendant's representative at the time he took out the policies, but claimed that at that time he had forgotten his true age. On January 14, 1946, plaintiff signed a statement claiming disability benefits in which he stated that the date of his birth was October 12, 1885. His sworn petition for naturalization, made in 1912, and his sworn declaration of intention, made in 1909, both state that he was born on October 12, 1885. To the same effect are the record of the 1910 census, 8 applications for insurance made by plaintiff to another insurance company between the years 1920 and 1936, his World War I draft registration card, made in 1918, and, also, his affidavit for license to marry and marriage license, both dated in 1913. Plaintiff concedes that the statements in all the above documents to the effect that he was born on October 12, 1885, resulted from his own representations thereof at the respective times in question, but he claims that from some time shortly after 1901 until some time in 1946, after defendant had declined to pay him benefits, he had forgotten his age and believed himself to be 1 year older than he actually was. His explanation is that in June of 1901 he finished school and applied for a job with a railroad company and that in his application therefor he represented his age to be 16 in order to be more certain of obtaining the job. It appears to be his claim that he then began to think of himself as

being of that age and soon thereafter forgot his real age. It is significant that in testifying concerning that month of June, 1901, when he quit school, he said, "I would be 14 years old in October." That would make the year of his birth 1887, a year later than he now claims, and would mean that he overstated his age to the railroad company by 3 years. On the other hand, if he had been 16 in the summer of 1901, as represented to the railroad company, the year of his birth would have been 1884, making him 1 year older than he represented himself to be in all of the above documents and, significantly, 2 years older than he now claims. It is difficult to imagine or understand how his alleged misrepresentation to the railroad company to the extent of either 3 or 2 years could have served to deceive himself about his own age, but only to the extent of 1 year as he now claims. Plaintiff's testimony and explanation in this connection is neither plausible, consistent nor convincing.

Supporting plaintiff's present claim that he was born in 1886 are the following:

1. His father's 1910 petition for naturalization. Plaintiff testified that his father was then unable to read English such as appears in this exhibit. In the petition the father gave his own birth date as being in the year 1849, while in the 1900 census record it appeared as being in 1854, and plaintiff's own testimony appears to fix it in 1845 or 1846. This petition gave the father's date of immigration as 1889, whereas the 1900 census record reports it as being the year 1888. The father had 8 children and in listing them in this petition gave the birth date of one daughter as July 12, 1894, and of another as February 1, 1895, a difference of a little more than 6 months. Discrepancies between this petition and the 1900 census record appear also as relates to one of plaintiff's sisters. These discrepancies and er-

rors, coupled with the fact that the father was unable to read the petition, seriously discount its weight in supporting plaintiff's claim.

2. The 1900 census record, which is in conflict with the 1910 census record, concerning plaintiff's age. The 1900 census record is also in conflict with the father's petition for naturalization, as relates to the date of birth of one of plaintiff's sisters. Which, if either, of the census records is correct?

3. A resolution of the municipal court of Ostroleka, Poland, "resolving" that one "Benjamin Zysman" was born October 12, 1886. The resolution was offered by plaintiff, not as being *res judicata* of plaintiff's age, but merely as "an evidentiary fact." In that connection defendant offered a transcript of the court record upon which the resolution was based. This offer was objected to by plaintiff and rejected by the trial court on the ground that it constituted a collateral attack on the Polish court resolution. The resolution having been offered as an evidentiary fact, it was, as any other evidence, subject to scrutiny as to its accuracy, and for that purpose the transcript was admissible. It discloses that the resolution was based on testimony which, at best, can be denominated but little more than worthless.

4. Marriage license of plaintiff's sister in which her age was represented to be 24 on December 2, 1909, which, at most, would establish that she was born after December 2, 1884. Her date of birth was given in the 1900 census record as May, 1885, and in the father's petition for naturalization as either January or June, 1885, it being impossible to determine from the abbreviation therein which of the 2 months was intended. Plaintiff's position in this connection is that, if the sister were born in May or June of 1885, plaintiff could not have been born in October of that year. The marriage license does not disclose the month or date of the sister's birth. Her birth in

January of 1885 or prior to that, but after December 2, 1884, would not preclude October 12, 1885, as the date of plaintiff's birth.

5. Grand Rapids school records, some of which support plaintiff's claim if they are read in accord with an interpretation by the present director of school records to the effect that records kept 50 years ago listed the ages of school children not as of the date indicated but as of their next birthday. This witness had not prepared these records herself and the explanation she offered came to her as a matter of hearsay. Even if the records be accepted in the light of her interpretation, they conflict from year to year, supporting in some instances plaintiff's claim, and in others defendant's claim, and sometimes neither, thus affording little or no help to plaintiff in this case.

Plaintiff's brother also testified. While he was very definite about plaintiff's age, he was most vague and uncertain as to the ages and dates of birth of the several sisters. His testimony is not persuasive.

Hearing this case *de novo* we disagree with the trial court's finding as to plaintiff's age and are persuaded that the decree is not in accordance with the just rights of the parties. In outlining plaintiff's proofs above we have indicated their unreliability step by step. No cogent reason appears for discounting the accuracy of defendant's documentary proofs. Plaintiff's story that they are in error as the result of his own misrepresentations, after having been self-deluded and deceived by his own misrepresentations to the railroad company, is, for reasons hereinbefore noted, not convincing to us. It is our opinion that on the anniversary of the insurance policy on June 22, 1945, plaintiff was 59 years of age and that on his nearest birthday, *viz.*, October 12, 1945, he became 60 years of age. Under the terms of

the policy he is, therefore, not entitled to the relief sought in his bill.

In view of our decision as to plaintiff's date of birth, questions raised by defendant as to the admissibility of some of plaintiff's proofs and as to whether plaintiff is totally disabled need not be determined.

Decree reversed. A decree may enter here dismissing plaintiff's bill of complaint, with costs to defendant.

BOYLES, C. J., and REID, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.